IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHARLOTTE J. SCHWENK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 08-2326-KHV |
| **COLLECTION SPECIALISTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Charlotte J. Schwenk filed suit in Kansas state court against Collection Specialists, Inc. alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Kansas Consumer Protection Act, K.S.A. § 50-623 et seq. On July 15, 2008, Collection Specialists removed the action under 28 U.S.C. §§ 1441 and 1446. Three days later, on July 18, 2008, Collection Specialists filed its Motion For Remand (Doc. #4). For reasons stated below, the Court overrules the motion.

The relevant facts of the case are not in dispute, and the Court summarizes them as follows:

On June 3, 2008, plaintiff filed this action in the District Court of Leavenworth County, Kansas. See Petition Pursuant To K.S.A. Chapter 60, attached as Exhibit 1 to Notice Of Removal (Doc. #1) filed July 15, 2008. On June 4, 2008, plaintiff's attorney e-mailed a copy of the petition to former counsel for Collection Specialists. On June 17, 2008, plaintiff formally served a copy of the summons and complaint on Collection Specialists. As noted above, Collection Specialists removed the action to this Court on July 15, 2008, and – three days later – filed this motion for remand.

The parties dispute whether the notice of removal was timely under Section 1446(b), which

provides that "[t]he notice of removal . . . shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Plaintiff suggests that the removal period began when her attorney e-mailed a copy of the petition to opposing counsel on June 4, 2008. If true, the removal on July 15, 2008 – 41 days later – would be untimely. The Supreme Court, however, has clearly rejected the argument that mere delivery of a courtesy copy of a removable pleading commences the removal period under Section 1446(b). See Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Specifically, Murphy Bros. explains that

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obligated to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

Id. In light of this authority, the Court concludes that the removal period began on June 17, 2008, when plaintiff accomplished formal service of process. Thus, the removal on July 15, 2008 – 28 days later – was timely.

Despite the fact that Collection Specialists prevails on this issue, it states that it has "agree[d] to remand rather than waste resources and time fighting non-merit-based issues."[1] In essence, the parties have stipulated to remand for no other reason than simple convenience. The Court is not convinced, however, that it may remand the case on this basis. Under 28 U.S.C. § 1447(c), a federal court will remand a case for lack of subject matter jurisdiction discovered at any time before final

---

[1] On July 31, 2008, Collection Specialists filed its Withdrawal Of Motion For Remand (Doc. #7). Apparently, Collection Specialists now prefers to litigate the dispute regarding the timeliness of removal. Because the Court has reached the merits of that issue, and resolves the dispute in favor of Collection Specialists, it overrules the motion to withdraw.

judgment, or "on the basis of any defect other than subject matter jurisdiction" identified in a motion for remand made within 30 days of removal. Here, the parties have identified no defect in removal – jurisdictional, procedural or otherwise – and the Court finds no authority for the proposition that it should remand the case because the removing party has had a change of heart.

The Tenth Circuit has recognized that the removal of a case from state court to federal court is an unambiguous invocation of the jurisdiction of the federal court. Estes v. Wyo. Dep't of Transp., 302 F.3d 1200, 1205 n.1 (10th Cir. 2002). Generally, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996); see also Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (recognizing "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"). Because the parties have not identified any defect in removal which would overcome the Court's duty to exercise its removal jurisdiction, the Court will not remand this case. Buyer's remorse is simply an insufficient basis for remand.

**IT IS THEREFORE ORDERED** that Collection Specialists' Motion For Remand (Doc. #4) filed July 18, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Collection Specialists' Withdrawal Of Motion For Remand (Doc. #7) filed July 31, 2008 be and hereby is **OVERRULED**.

Dated this 1st day of August, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge